UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REX S. GUNTHER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:25-cv-1638-SRW |
| DONNA ANDERS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Plaintiff Rex S. Gunther, a frequent filer in this Court, commenced this civil action on November 4, 2025, alleging violations of his civil rights by Donna Anders of the Southeast Missouri Department of Mental Health. ECF No. 1. On November 20, 2025, the Court directed Plaintiff to either pay the filing fee or apply to proceed without prepaying fees or costs. ECF No. 2. Further Plaintiff was directed to file an amended complaint using a Court form. *Id*. The Court cautioned Plaintiff that his failure to timely comply with the Order would result in the dismissal of the case without further notice. *Id*.

To date, Plaintiff has neither responded to the Court's Order, nor sought additional time to do so. On January 5, 2026, Plaintiff wrote a letter stating that his legal files are in storage and he is limited to three requests per week for accessing those files. ECF No. 3. He states that it can take a month for the file to be delivered. *Id*. Plaintiff does not state when or if he requested his files for this case. *Id*. He does not request an extension of time, nor does he state how long he thinks he will need to satisfy the Court's Order of

November 20, 2025. *Id*. Plaintiff has been given over 90 days to comply with the Order. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's November 20, 2025 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of February, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE